OPINION
STATEMENT OF THE FACTS AND CASE
 {¶ 1} In this appeal from the Coshocton County Common Pleas Court, appellant had been charged with aggravated robbery with a firearm specification (R.C. § 2911.01, R.C. § 2941.145), in Count One and felonious assault (R.C. § 2903.11(A)(1)) in Count Two.
 {¶ 2} Through an agreed plea to Count Two and to the firearms specification, Count One, on motion by the State, was dismissed. Appellant was sentenced to four years incarceration on the felonious assault plus the consecutive three years as to the gun specification. Additionally, restitution was ordered.
 {¶ 3} Appellant raises the following Assignment of Error:
 ASSIGNMENT OF ERROR "I. The trial court erred to the prejudice of defendant-appellant as he was denied his right to effective assistance of counsel secured to him by the Sixth Amendment to the Constitution of the United States."
 {¶ 4} The ineffective representation by defense counsel is addressed to the sentence received by appellant wherein it is asserted that the trial court did not follow the sentencing guidelines of R.C. § 2929.12 and that appellant's counsel failed to protect the rights of appellant in that regard.
 {¶ 5} A claim of ineffective assistance of counsel requires a two prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Lockhart v. Fretwell (1993), 113 S.Ct. 838,122 L.Ed.2d 180; Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989), 42 Ohio St.3d 136.
 {¶ 6} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley, 42 Ohio St.3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
 {¶ 7} In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Bradley, supra at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. It is with this framework in mind that we address the instances of alleged ineffectiveness of counsel raised by appellant in the instant case.
 {¶ 8} We disagree with the Assignment of Error.
 {¶ 9} Revised Code § 2953.08(D) states:
 {¶ 10} "(D) A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge. A sentence imposed for aggravated murder or murder pursuant to sections 2929.02 to 2929.06 of the Revised Code is not subject to review under this section."
 {¶ 11} The following appeared of record at the change of plea hearing on October 5, 2001:
 {¶ 12} "MR. BLANCHARD: Yes, Your Honor. Pursuant to plea negotiations, the defendant, Mr. Beachy, has agreed to enter a plea to Count 2, felonious assault, a second-degree felony with the gun spec. as charged. In exchange, the state has agreed to recommend a sentence of four years incarceration on the underlying offense and there would be three years on the gun spec. The state has further agreed to nolle — move to nolle Count 1, the aggravated robbery, that's the first-degree felony with a gun spec.
 {¶ 13} "The victim, Mr. Schillings, Chad Schilling, has been advised of the plea negotiations and what's taken place here today. He is not opposed.
 {¶ 14} "No other agreements have been reached. Mr. Davitt, any statement at this point?
 {¶ 15} "MR. DAVITT: That's my understanding of the agreement, Judge.
 {¶ 16} "THE COURT: Mr. Beachy, before the court accepts any change of plea on your behalf or acts on the prosecuting attorney's motion to enter a no prosecution as to Count 1 and the accompanying Count 1 specification as filed against you in the indictment, I would ask you personally if you are in agreement with the two statements just made to this court, first by Mr. Blanchard on behalf of the prosecution and second by Mr. Davitt, as your attorney; have they accurately stated to the court both the negotiations and agreement as you understand them to be?
 {¶ 17} "THE DEFENDANT: Yes, sir, they have."
 {¶ 18} An agreed sentence understood by appellant, recommended by the State and approved by the trial court occurred.
 {¶ 19} The sentence was within the range provided by law with respect to R.C. § 2903.11(A)(1) and R.C. § 2911.01. See State v.Amstutz (Nov.8, 1999), 5th Dist. No. 1999CA00104.
 {¶ 20} In addition, appellant received a dismissal of Count One, clearly through benefit of defense counsel and, admittedly as fully explained and understood by appellant.
 {¶ 21} Therefore, this appeal is denied. The decision of the lower court is affirmed.
By: Boggins, J., Gwin, P.J and Farmer, J. concur.